# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

DOCKET NO. 3:08-cv-00044-FDW

| | |
|---|---|
| NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., MOTORSPORTS AUTHENTICS, LLC, SPEEDWAY MOTORSPORTS, INC., SPEEDWAY PROPERTIES COMPANY, LLC, NEW HAMPSHIRE SPEEDWAY, INC., INTERNATIONAL SPEEDWAY CORPORATION, RCR ENTERPRISES, LLC, ROUSH FENWAY RACING, LLC, JOE GIBBS RACING, INC., HENDRICK MOTORSPORTS, LLC, HMS MOTORSPORTS, LLC, JEFF GORDON, INC., DEJ HOLDINGS, LLC, RUSTY WALLACE, INC., PENSKE RACING SOUTH, INC., PENSKE RACING LLC, DALE EARNHARDT, INC., GILLETT EVERNHAM MOTORSPORTS, L.L.C., RED BULL GMBH, MICHAEL WALTRIP RACING HOLDINGS, LLC, and CHIP GANASSI RACING WITH FELIX SABATES, INC.,,<br><br>       Plaintiffs.<br><br>vs.<br><br>VARIOUS JOHN AND JANE DOES, and VARIOUS XYZ CORPORATIONS,<br><br>       Defendants. | **TEMPORARY RESTRAINING ORDER, ORDER FOR SEIZURE OF COUNTERFEIT MARKED GOODS, AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

THIS MATTER come now before the Court upon Plaintiffs' *Ex Parte* Application For Temporary Restraining Order And Order For Seizure Of Counterfeit Marked Goods (the

"Application"), and after due consideration thereof, the Court makes the following findings of fact and conclusions of law and grants Plaintiffs' Application.

1. Plaintiffs own or control each of their respective marks set forth in Exhibits 1 and 2 hereto ("Plaintiffs' Marks"). Plaintiffs' Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of Plaintiffs' Marks, without authorization from Plaintiffs, shall be known herein as the "Enjoined Goods."

2. All of Plaintiffs' Marks listed in Exhibit 1 are federally registered. All of Plaintiffs' Marks listed in Exhibit 2 are owned or controlled by Plaintiffs.

3. Plaintiffs have the exclusive right to apply and license others to apply their respective Plaintiffs' Marks to goods and to use their respective Plaintiffs' Marks in connection with rendering services.

4. Defendants are not licensed by Plaintiffs to use Plaintiffs' Marks.

5. It appears to this Court that Defendants are or will be present on the premises or within a ten-mile radius of racetracks where NASCAR Races shall be occurring, beginning February 9, 2008, including each of the race venues identified in Exhibit 3 hereto (collectively, "the Racetracks"), for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods.

6. The Enjoined Goods include goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d).

7. The sale of Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114.

8. Distribution, sale, or offering the sale of Enjoined Goods would constitute false designation of origin under 15 U.S.C. § 1125(a).

9. Under 15 U.S.C. § 1116(a), this Court has the power to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a).

10. This Court has the power to grant an *ex parte* seizure order for goods bearing counterfeits of federally registered trademarks and service marks. Id. at. § 1116(d).

11. This Court has the power under Rule 65 of the Federal Rules of Civil Procedure, and under the All Writs Act, 28 U.S.C. § 1651, to grant an *ex parte* seizure order for goods that are infringing but not counterfeits within the meaning of 15 U.S.C. § 1116(d).

12. No order other than an *ex parte* seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

13. Plaintiffs are likely to succeed in showing that Defendants have used and, unless enjoined, will continue to use counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services.

14. Notice of this Application need not be given to Defendants prior to *ex parte* hearing because: (a) the identities and whereabouts of Defendants are currently unknown; (b) many Defendants have no business identity or stable place of business before or after the NASCAR Races and cannot be identified; and (c) Defendants who can be located and identified, if notified, likely will cause the immediate concealment or destruction of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court.

15. Plaintiffs will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an *Ex Parte* Seizure Order.

16. The Enjoined Goods and other materials subject to this Seizure Order likely will emanate from this district and will be located on the premises or within a ten-mile radius of the Racetracks where NASCAR Races shall be occurring, beginning February 9, 2008, as reflected in Exhibit 3 hereto.

17. The harm to Plaintiffs should this Court not grant the requested Seizure Order clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted.

18. Plaintiffs have not publicized the requested seizure.

19. Plaintiffs have given reasonable notice of this Application to the United States Attorney for this District.

20. The file of this case has been sealed as required by 15 U.S.C. § 1116(d)(8).

21. Plaintiffs have complied with all statutory requirements for the issuance of an *Ex Parte* Seizure Order.

It is accordingly ORDERED and ADJUDGED that:

1. The Defendants, various John and Jane Does and various XYZ Corporations, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from:

    a. manufacturing, assembling, selling, offering for sale, distributing, or offering to distribute any Enjoined Goods which were not authorized by Plaintiffs and which bear any of the trademarks and service marks of Plaintiffs set forth in Exhibits 1 and 2 hereto or any marks confusingly similar thereto;

      b.       representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by Plaintiffs; and

      c.       otherwise taking any action likely to cause confusion, mistake or deception as to the origin of the Enjoined Goods.

2. Any federal, state, or local law enforcement officer, and/or Plaintiffs, and/or Plaintiffs' duly authorized trademark enforcement team, and/or all persons acting under the supervision and control thereof (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, storage areas or motor vehicles, and all Enforcement Officials acting hereunder are further authorized, based on probable cause, to enter into and upon, and if necessary, to temporarily detain, any such containers, vessels, storage areas or motor vehicles for the purpose of seizing any and all such Enjoined Goods and counterfeit marks contained therein.

3. No Enforcement Official may enter into and upon, nor if necessary, temporarily detain, any container, vessel, storage area or motor vehicle unless s/he does so in the presence and under the supervision of a federal, state or local law enforcement officer.

4. Enforcement Officials acting under the supervision and control of a federal, state, or local law enforcement officer in accomplishing such seizure, may employ whatever reasonable force is necessary to open, enter, and inspect the contents of any such containers, vessels,

storage areas or motor vehicles, regardless of whether said containers, vessels, storage areas or motor vehicles are locked or unlocked or occupied or unoccupied.

5. Enforcement Officials are authorized to carry out the foregoing on the premises or within a ten-mile radius of any Racetrack where a NASCAR Race shall be occurring at any time during the duration of this Order, from forty-eight (48) hours before each race begins until twenty-four (24) hours following the completion of each race.

    a. In addition to the forgoing time limitation, no seizure shall be made under this *ex parte* Order after February 14, 2008. 15 U.S.C. § 1116(d)(5)(C).

6. All Enjoined Goods, all means of making such Enjoined Goods, all records, and any other materials seized hereunder shall be delivered up to the care and custody of Plaintiffs or Plaintiffs' attorneys pending further instructions from the Court. The seized goods shall be kept in identifiable containers.

7. Anyone interfering with the execution of this Order is subject to arrest by law enforcement officials.

8. Simultaneously with seizure hereunder, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of (i) this Order, including the notice in the form of Exhibit 4 attached hereto, and (ii) a Summons and the Verified Complaint in this action.

9. This Order is being issued without notice to protect Plaintiffs from irreparable injury to their trademarks, service marks, names, and goodwill which may arise if Defendants or any person described in paragraph 1 hereof should dissipate or transfer to any third party any of the goods which are the subject of this Order.

10. Defendants shall cooperate with Enforcement Officials executing seizure hereunder and shall provide items sought to be seized wherever such items are located.

11. Defendants are hereby required to provide the persons executing this Order with correct names, residential and business addresses, telephone numbers, and other identifying information.

12. Plaintiffs shall, no later than February 8, 2008, post security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of $10,000 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

13. Unless extended by the Court, this Order shall become valid upon the posting of bond and shall expire ten (10) business days after the issuance of this Order.

14. IT IS FURTHER ORDERED that a hearing on a preliminary injunction is set for **February 13, 2008, at 2:00 p. m.** in the **grand jury room** at the United States Courthouse, 401 W. Trade Street, Charlotte, North Carolina. This hearing shall also serve as a seizure hearing under 15 U.S.C. § 1116(d)(5)(E), (10)(A).[1] Defendants are ordered to appear and then and there show cause, if any, why said injunction prohibiting Defendants from manufacturing, distributing, offering for sale, or selling the Enjoined Goods should not issue and/or raise any objection concerning any seizure effected pursuant to this Order..

15. This Order or copies hereof may be served by any person over the age of 18 years who is not a party to this action.

---

[1] The Court finds that Plaintiffs have shown good cause for this hearing date, namely that the normal ten to fifteen day window would allow this Order to expire before the Daytona 500® and before the Court could fashion an additional remedy

16. All persons who become aware of this action and Order are ORDERED not to reveal the existence of this action or Order to any other person, except that persons authorized to enforce this Order may reveal its existence and contents to the extent necessary to carry out their official duties and Defendants may confer with their attorneys concerning this action.

IT IS SO ORDERED.   Signed: February 8, 2008

*Frank D. Whitney*
Frank D. Whitney
United States District Judge

SEALED DOCUMENT with access to Plaintiffs