IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:08-cv-00044-FDW

| | |
|---|---|
| NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., et al., <br><br> Plaintiffs. <br><br> vs. <br><br> FRANK PARSONS, DAVID VASQUEZ, EDWARD A. BRANDT, PAUL J. VANRISSEGHEM, CEASAR VASQUEZ, PERCY RICHARD, STEVEN NEZDOSKY, ALAN KRIGGER, KEVEN MCCORMICK, JONATHAN RSI MAXWELL, VARIOUS JOHN AND JANE DOES, and VARIOUS XYZ CORPORATIONS, <br><br> Defendants. | ) ) ) ) ) ) ) ) **PRELIMINARY INJUNCTION AND** ) **ORDER OF SEIZURE** ) ) ) ) ) ) ) ) ) ) ) |

THIS MATTER comes now before the Court upon Plaintiffs' Application for a Preliminary Injunction and Seizure Order (Doc. No. 2). Plaintiffs' Motion is hereby GRANTED.

This Court issued on February 8, 2008, a Temporary Restraining Order, Order for Seizure of Counterfeit Marked Goods, and Order to Show Cause Re Preliminary Injunction ("TRO Seizure Order"). For good cause shown, the Court renewed this Order on February 14, 2008 ("Renewed TRO Seizure Order"). Plaintiffs served the TRO Seizure Order on Defendant Parsons and seized, pursuant to the terms of the TRO Seizure Order, counterfeit merchandise in his possession. Plaintiffs served the Renewed TRO Seizure Order on Defendants David Vasquez, Brandt, Vanrissenghem, Ceasar Vasquez, Richard, Nezdosky, Krigger, McCormick, and Maxwell and similarly seized

counterfeit merchandise in their possession. As ordered in the TRO Seizure Order, this matter came before the Court for hearing on Wednesday, February 13, 2008. Plaintiffs appeared through counsel of record. There were no appearances on behalf of any Defendant in opposition thereto. Also as ordered, Plaintiffs ran public notice of a preliminary injunction hearing, to be held at 9:00 a.m. on February 28, 2008, from February 20, 2008, through February 28, 2008. (See Doc. Nos. 12, 13, and 15.) On February 28, 2008, the Court held a hearing to determine whether a preliminary injunction and accompanying seizure order should be entered. No Defendant to date has answered, moved, or otherwise appeared or filed any papers regarding Plaintiffs' Verified Complaint, TRO Seizure Order, Renewed TRO Seizure Order, or Notice of Hearing on Motion for Preliminary Injunction. Plaintiffs having demonstrated to the Court the need to continue the order of seizure, and a hearing on Plaintiffs' application having been conducted;

NOW, THEREFORE, based on the verified pleadings, declarations and other papers in the record, the Court makes the following findings of fact and conclusions of law.

1. Plaintiffs own or control each of the marks set forth in Exhibits 1 and 2 hereto ("Plaintiffs' Marks"). Plaintiffs' Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of Plaintiffs' Marks, without authorization from Plaintiffs, shall be known herein as the "Enjoined Goods."

2. All of Plaintiffs' Marks listed in Exhibit 1 are federally registered. All of Plaintiffs' Marks listed in Exhibit 2 are owned or controlled by Plaintiffs.

3. Plaintiffs have the exclusive right to apply and license others to apply Plaintiffs' Marks to goods and to use Plaintiffs' Marks in connection with rendering services.

4. Defendants are not licensed by Plaintiffs to use Plaintiffs' Marks.

5. It appears to this Court that Defendants are or will be present on the premises or within a ten-mile radius of racetracks where NASCAR Races shall be occurring, including each of the race venues identified in Exhibit 3 hereto (collectively, "the Racetracks"), for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods.

6. The Enjoined Goods include goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d).

7. The sale of Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. §1114.

8. Distribution, sale, or offering the sale of Enjoined Goods would constitute false designation of origin under 15 U.S.C. § 1125(a).

9. Under 15 U.S.C. § 1116(a), this Court has the power to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a).

10. This Court has the power to grant a seizure order for goods bearing counterfeits of federally registered trademarks and service marks. 15 U.S.C. § 1116(d).

11. This Court has the power under Rule 65 of the Federal Rules of Civil Procedure, and under the All Writs Act, 28 U.S.C. § 1651, to grant a seizure order for goods that are infringing but not counterfeits within the meaning of 15 U.S.C. § 1116(d).

12. No order other than a seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1125(a).

13. Plaintiffs are likely to succeed in showing that Defendants have used and, unless enjoined, will continue to use counterfeit or infringing marks in connection with the sale, offering for sale, or distribution of goods or services.

15. Plaintiffs will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant a preliminary injunction and seizure order.

16. The Enjoined Goods and other materials subject to this Seizure Order likely will emanate from this district and will be located on the premises or within a ten-mile radius of the racetracks where NASCAR Races shall be occurring during the 2008 season as reflected in Exhibit 3 hereto.

17. The harm to Plaintiffs should this Court not grant the requested Seizure Order clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted.

19. Plaintiffs have given reasonable notice of this Application to the United States Attorney for this District.

20. The file of this case has been sealed as required by 15 U.S.C. § 1116(d)(8), but is now ORDERED UNSEALED. The Court has held a preliminary injunction hearing after public notice sufficient to satisfy the constitutional standards expressed in Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 316 (1950).

21. Plaintiffs have complied with all statutory requirements for the issuance of a preliminary injunction and seizure order.

It is accordingly ORDERED and ADJUDGED that:

1. The Defendants, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, ENJOINED and RESTRAINED from:

    (a) Manufacturing, assembling, selling, offering for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiffs and which bear any of the trademarks and service marks of Plaintiffs set forth in Exhibits 1 and 2 hereto or any marks confusingly similar thereto;

    (b) Representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold, or licensed by Plaintiffs; and

    (c) Otherwise taking any action likely to cause confusion, mistake, or deception on the part of the public as to the origin of the Enjoined Goods.

2. Any federal, state, or local law enforcement officer, and/or Plaintiffs, and/or Plaintiffs' duly authorized trademark enforcement team, and/or all persons acting under the supervision and control thereof (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion, or control of Defendants, their agents, or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit

marks located in or on any containers, vessels, storage areas, or motor vehicles, and all Enforcement Officials acting hereunder are further authorized, based on probable cause, to enter into and upon, any such containers, vessels, storage areas, or motor vehicles for the purpose of seizing any and all such Enjoined Goods and counterfeit marks contained therein.

3. Enforcement Officials may employ whatever reasonable force is necessary to open, enter, and inspect the contents of any such containers, vessels, storage areas, or motor vehicles—regardless of whether said containers, vessels, storage areas, or motor vehicles are locked or unlocked or occupied or unoccupied—and are authorized to detain said containers, vessels, storage areas, or motor vehicles if necessary to accomplish such seizure of the Enjoined Goods.

4. No Enforcement Official may open, enter into and upon, inspect the contents of, or, if necessary, detain, any container, vessel, storage areas, or motor vehicle unless s/he does so under the supervision of a sworn law enforcement officer.

5. Enforcement Officials acting hereunder are authorized and directed to carry out the foregoing on the premises or within a ten-mile radius of any ISC racetrack where a NASCAR race shall be occurring at any time during the duration of this Order, including as indicated in Exhibit 3 hereto, from forty-eight (48) hours before each qualifying race begins until twenty-four (24) hours following the completion of each main event race.

6. All Enjoined Goods, all means of making such Enjoined Goods, all records, and any other materials seized hereunder shall be delivered up to the care and custody of

Plaintiffs or Plaintiffs' attorneys. The seized goods shall be kept in identifiable containers. The final disposition of the seized goods will be determined at the conclusion of this case, or when the violation of Plaintiffs' marks "shall have been established." 15 U.S.C. § 1118.

7. Simultaneously with said seizure, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of (i) this Order, including the notice in the form of Exhibit 4 attached hereto, and (ii) a Summons and the Verified Complaint in this action.

8. Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder and shall provide the items sought to be seized wherever such items are maintained.

9. Defendants are hereby required to provide the persons executing this Order with correct names, residential and business addresses and telephone numbers, and other identifying information.

10. Anyone interfering with the execution of this Order is subject to arrest by law enforcement officials.

11. Any Defendant who is hereafter served with a copy of this Preliminary Injunction Order and Seizure Order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

12. The Injunction Bond posted by Plaintiffs on February 8, 2008, in the amount of $10,000, shall remain in full force and effect throughout the duration of this Order.

13. This Order shall expire thirty-six (36) hours after the final NASCAR Race listed in Exhibit 3 hereto.

14. This Order or copies hereof may be served by any person over the age of 18 years who is not a party to this action.

IT IS SO ORDERED.                     Signed: February 28, 2008

*[Signature]*
Frank D. Whitney
United States District Judge